IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROHAN KIRK WHITE, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 4:CV-13-1073 |
| THOMAS DECKER, ET AL., | : | (Judge Brann) |
| Respondents | : | |

## MEMORANDUM

May 31, 2013

**Background**

Rohan Kirk White, a detainee of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") presently confined at the York County Prison, York, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has also filed a motion requesting leave to proceed in forma pauperis which will be granted for the sole purpose of the filing of this action with this Court.

Named as Respondents ICE District Director Thomas Decker, Secretary Janet Napolitano of the Department of Homeland Security, Warden Mary Sabol of

1

the York County Prison and Attorney General Eric Holder.[1]

White identifies himself as being a native and citizen of Jamaica. See Doc. 1, ¶ 6. Petitioner states that he entered the United States on December 1, 1992 as a child with a visiting visa. His Petition acknowledges that he was convicted of possession with intent to deliver marijuana on June 7, 2012 in the "Municipal Court of Philadelphia County" and sentenced to a term of probation. Id. at ¶ 13. Removal proceedings were subsequently initiated and Petitioner asserts that he was taken into ICE custody on November 17, 2012.[2] According to the Petition, a final administrative order directing White's removal from the United States was issued on March 26, 2013. See id. at ¶ 15.

Petitioner's present action does not challenge the legality of his deportation but, rather, his indefinite detention pending removal. White states that although he has been detained by ICE for over six (6) months, his removal to Jamaica within the foreseeable future is unlikely. See id. at ¶ 16. Petitioner additionally notes that he is presently seeking reconsideration of the state criminal conviction which apparently triggered his ICE removal proceedings. Pursuant to the

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242. Accordingly, Warden Sabol will be deemed as sole Respondent in this matter.

[2] Petitioner also indicates that he violated the terms of his probation. See id. at ¶ 14.

2

standards announced in Zadvydas v. Davis, 533 U.S. 678 (2001), White's pending action maintains that his prolonged detention in ICE custody while awaiting removal violates his constitutional due process rights. He seeks his immediate release under an order of supervision.

**Discussion**

After the entry of a final administrative order of removal, 8 U.S.C. § 1231 grants the Attorney General ninety (90) days in which to remove an alien from the United States, during which time detention is mandatory.[3] Accepting Petitioner's contention that a final order of removal was entered in his case as of March 26, 2013, the ninety (90) day period of mandatory detention has not yet expired. At the conclusion of the ninety (90) day period, the alien may be held in continued detention, or may be released under continued supervision. See § 1231(a)(3) & (6).

---

[3] Section 1231(a)(1)(B) provides:

The removal period begins to run on the latest of the following:

    (i) The date the order of removal becomes administratively final.

    (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

    (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

3

The United States Supreme Court in Zadvydas recognized that indefinite detention of aliens raises serious constitutional concerns, and concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." Id. at 701.

Upon the conclusion of the six (6) month period, if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id. Not every alien must be released after six (6) months. Rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id. The Zadvydas holding was limited to removable aliens. In Clark v. Martinez, 543 U.S. 371, 385 (2005), the Supreme Court extended the Zadvydas criteria to two Mariel Cubans who had been deemed inadmissible to the United States. Thus, the protections announced

in Zadvydas apply to both removable and inadmissible aliens.

In response to Zadvydas, ICE adopted 8 C.F.R. § 241.4(k), which provides that prior to the expiration of the ninety (90) day removal period, the appropriate ICE district director shall conduct a custody review for aliens who cannot be removed during the prescribed period and make a determination as to whether the detainee should be released pending removal. When release is denied, the district director may retain responsibility for the alien up to three (3) months or refer the alien to ICE's Headquarters Post-order Detention Unit (HQPDU).

Special review procedures apply following the transfer of an alien's case to the HQPDU. See 8 C.F.R. § 241.13. Specifically, an eligible alien may make a written request for release to the HQPDU "asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future to the country to which the alien was ordered removed and there is no third country willing to accept the alien." 8 C.F.R. § 241.13(d)(1).

Within ten (10) business days of receipt of the request, the HQPDU must provide the alien with a written response acknowledging receipt of his request and explaining the procedures that will be used to evaluate the request. 8 C.F.R. § 241.13(e)(1). The HQPDU may grant an interview to the alien if such an

interview would "provide assistance in rendering a decision." 8 C.F.R. § 241.13 (e)(5). The factors that the HQPDU must consider include:

> the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f). The Regulation further provides that the "HQPDU shall issue a written decision based on the administrative record, including any documentation provided by the alien, regarding the likelihood of removal and whether there is a significant likelihood that the alien will be removed in the reasonably foreseeable future under the circumstances. The HQPDU shall provide a written decision to the alien, with a copy to counsel of record, by regular mail. See 8 C.F.R. § 241.13(g).

Since White's Petition is dated April 22, 2013, it will be presumed filed as of that date. See Houston v. Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court). Petitioner acknowledges that the administrative order of removal entered in his case recently became final on March 26, 2013. Consequently, the six (6) month period contemplated by Zadvydas will not expire until September 26, 2013.

6

Accordingly, Petitioner's action which seeks relief under Zadvydas is subject to dismissal as being prematurely filed.

However, this matter also requires a balancing between the fact that Petitioner is still within the ninety (90) day post final order mandatory detention period and his claim that he has been held in ICE custody since November 2012. It has been repeatedly held by courts within this district that aliens should not be subjected to prolonged detention simply because they elect to pursue their available legal remedies. See Lawson v. Gerlinski, 332 F. Supp.2d 735, 744-46 (M.D. Pa. 2004); Madrane v. Hogan, 520 F. Supp.2d 654, 664-666 (M.D. Pa. 2007). Although White bears responsibility for seeking relief from removal, he is not responsible for the amount of time that the removal process has taken.

Given the liberal treatment afforded pro se litigants as well as the prolonged duration of Petitioner's ICE custody, and noting that the ninety (90) day post removal period of mandatory detention is quickly approaching conclusion, it is the determination of this Court that the interests of due process would be best served by instructing Respondent to treat, as of the date the ninety (90) day period expires, this § 2241 petition as a request for either an initial custody determination under 8 C.F.R. § 241.4 or release under 8 C.F.R. § 241.13. See Caulker v. Gonzales, Civil No. 3:CV-08-1877, slip op. (M.D. Pa. Oct. 16, 2008)(Vanaskie,

J.). Darcelin v. Sabol, Civil No. 3:CV-09-74 slip op. (M.D. Pa. May 14, 2009)(Conaboy, J.); Singh v. INS, Civil No. 1:CV-01-1820, slip op. (M.D. Pa. Oct. 2, 2001)(Rambo, J.).

ICE shall thereafter respond to the request within the mandated time period. Having transferred the matter to the ICE for disposition under its existing review procedures, the petition will be dismissed without prejudice. However, in the event the ICE/HQPDU fails to make a timely or favorable response, Petitioner may again seek federal habeas corpus relief. An appropriate Order will enter.

                                        s/Matthew W. Brann  
                                        Matthew W. Brann  
                                        United States District Judge